Ashburn, J. I.
Since the writ of error was allowed in this case, the question as to the jurisdiction of police courts over offenses of the grade charged in the information has *26 been settled in favor of tlieir jurisdiction. In Cole v. The State, 29 Ohio St. 226, it is held that “ the jurisdiction conferred on police courts by section 167 of the municipal code extends to petit larceny, and all such other inferior offenses as are not required, by section 10, article 1 of the constitution to be prosecuted by indictment.” This ruling followed.
II. Was there error in overruling the demurrer?
To answer this, we must look to the office of a demurrer in a criminal case. A demurrer to an information will be sustained only when the facts stated in the information do not constitute an offense punishable by the laws of this state. 66 Ohio L. § 109; Criminal Code, 304. The accused will be taken to have waived all defects which can be excepted to by motion to quash, or a plea in abatement, by demurring to the information. Id. 111. By a motion to quash, the accused can avail himself of any defect apparent upon the face of the information, whether to the form of the information, or as to the manner in which the offense is charged. Id. 107. The demurrer reaches substance only, and not form.
This information is intended to charge an offense under section 8 of the act to prevent gaming, as amended in 1873. (70 Ohio L. 191.) The question is, does this information contain facts sufficient to constitute an offense under section 8 ? The section is as follows :
“ That if any person or persons shall keep or exhibit for gain any gambling table (except billiard table), or faro or keno bank, or any gaming device or machine of any kind or description, under any denomination or name whatsoever, or if any person or persons shall keep or exhibit anjr billiard table for the purpose of betting and gambling, or shall allow the same to be used for such purpose, or if any person shall act as “backer” or “capper” for any of the above-mentioned games, or either directly or indirectly induce any other person or persons to play at or engage in the same, every such person so offending shall, on couviction thereof, be fined in any sum not less than fifty nor *27 more than five hundred dollars, and be imprisoned in the county jail not less than ten nor more than ninety days, at the discretion of the court, for every such offense, and shall moreover find security for his or their good behavior as to a violation of the provisions of this act, for the period of one year, in the sum of five hundred dollars.”
It is claimed in argument that the information is fatally defective, because it does not specify whether the gaming device v7as kept and exhibited for the gain of money or other valuable security.
By this, we understand counsel for the Davises to claim that this information is deficient in this — 'that it does not state facts sufiieient to constitute an offense punishable under section 8. The defect is supposed to arise from the omission of the words “ money or other valuable security,” after the word “gain,” in the information. These words, or their equivalent, are not found in section 8, and are in no way descriptive of the offense. The current of authority in Ohio is to the effect that the offense should, as nearly as possible, be charged in the words of the statute.
In support of his position, counsel for plaintiffs in error cite the cases of Davis v. The State, 7 Ohio, 205, and Davis v. The State, 17 Ohio St. 270. We think they fail to support his claim. The case in 7 Ohio was an indictment under section 9 of the act of 1831, to prevent gaming. The case in 17 Ohio St. was an indictment under section 2 of the act of 1857, amendatory of the act of 1831. These sections essentially differ in terms and in purpose from section 8 of the act of 1873. Section 9 provided a punishment for the offense of suffering games to be played for gain upon or by means of any gaming device used in certain prohibited places. Section 2, as amended in 1857 (S. & C. 662), made it an offense, “if any person shall keep or exhibit any gaming table, establishment, device, or apparatus to win or gain money or property of value.” By section 2, the learned judge, in Davis v. The State, 17 Ohio St., says, correctly, “ common gamblers were the persons intended to be punished.” A person may keep a gaming *28 device, without being himself a “common gambler” — as the keeper of a billiard table for gain. 17 Ohio St. 33. The keeper of a gaming device might never play, and yet, if he allowed others to play upon it for his gain, he violates the statute.
The offense defined in section 8 is described in the information, in the terms and words of the statute, and is neither uncertain nor deficient in necessary facts to constitute the offense of an unlawful keeping and exhibiting a gaming device for gain.
“A good criminal pleader will never attempt more certainty than the law requires, for fear that, in the minuteness of detail, he may, by chance, misdescribe, in some essential particular, which -would be fatal error.” Spencer v. The State, 13 Ohio, 407. “ There is no common-law crime in this state, and therefore we always look to the statute to ascertain what is the offense of the accused.” Sutcliffe v. The State, 18 Ohio, 476. “All the elements necessary to constitute the crime must be averred, and these elements must be gathered from the statute describing the offense, and not aliunde.” Rich v. The State, 8 Ohio, 112. “ The offense must be described within the terms of the statute. To do this, it is generally necessary to use the words of the statute. There is great danger in employing what are supposed to be convertible terms.” 3 Ohio St. 229.
It follows that the police court did not err in overruling the demurrer to the information, nor did the court of common pleas err in refusing to allow a writ of error.
Judgment affirmed, and this judgment ordered to be . certified to the Police Court of the City of Cincinnati.